IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT WELSH, )
)
        Plaintiff, )
)
-vs- ) Civil Action No. 13-736
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

# OPINION

Pending before the Court are cross Motions for Summary Judgment. (ECF Nos. 8 and 10). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 9, 11 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting in part and denying in part Plaintiff's Motion for Summary Judgment (ECF No. 8) and denying Defendant's Motion for Summary Judgment. (ECF No. 10).

## I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income pursuant to the Social Security Act ("Act"). On February 18, 2010, Plaintiff filed his application alleging he had been disabled since January 1, 2000. (ECF Nos. 7-5, p. 6). Administrative Law Judge ("ALJ"), Marty R. Pillion, held a hearing on July 19, 2011. (ECF No. 7-2, pp. 40-70). On September 16, 2011, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 21-35). After exhausting all administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 8 and 10). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.     Duty to develop the record

Plaintiff argues that the ALJ failed to meet his duty to develop the record in two respects: 1) He failed to subpoena records from a treating physician (Dr. William J. Conforti), and 2) He failed to recontact a consultative examiner. (ECF No. 9, pp. 2-5 and No. 12, pp. 1-2). The regulations make clear that it is the Plaintiff's burden to prove that he/she is disabled, which means the plaintiff has the duty to provide medical and other evidence showing that he/she has an impairment(s) and how severe it is. 20 C.F.R. §416.912(a-c).

#### 1.     Dr. Conforti's medical records

With regard to the medical records from Plaintiff's treating physician, Dr. Conforti, Plaintiff's counsel obtained and submitted a completed hepatitis C residual functional capacity ("RFC") questionnaire. (ECF No. 7-8, pp. 14-17). At the time of the hearing, however, Plaintiff's counsel was aware that Dr. Conforti's medical records were not part of the record before the ALJ. (ECF No. 7-2, p. 69). As a result, Plaintiff's counsel requested additional time to obtain the

3

records.  *Id.*  The ALJ left the record open for two weeks for counsel to obtain and submit the same.  *Id.*  Counsel indicated that she would request more time if she could not get the records within the two weeks.  *Id.*  Counsel never requested more time and never submitted the records.  Counsel never gave the ALJ any indication that she had difficulty obtaining the records or that she wanted the ALJ to request the reports for her client after she said she would obtain them herself.

Nevertheless, the absence of Dr. Conforti's records gives me great pause.  An ALJ has the duty to develop the record sufficiently to make a determination of disability.  *Ventura v. Shalala,* 55 F.3d 900 (3d Cir. 1995); 20 C.F.R. §416.912(d).  "We will make every reasonable effort[1] to help you get medical reports from your own medical sources when you give us permission to request the reports."  *Id.*  Usually, the issue of whether an ALJ had developed the record fully arises in situations involving a *pro se* claimant.  *Early v. Heckler,* 743 F.2d 1002 (3d Cir. 1984).  While such is not the case here, I find that the ALJ was aware of Plaintiff's counsel's desire to include the treating physician's records.  *Id.*  Dr. Conforti's medical records, as a treating physician, are highly important for an ALJ to consider when making a disability determination, especially when the ALJ made findings based on what was not in the record.  As a result, I am remanding the case such that Plaintiff's counsel may be given additional time to submit the medical records of Dr. Conforti and for further review based on the same.

With regard to recontacting the psychiatric consulting examiner, Dr. Joel Last, Plaintiff argues that Dr. Last's report was unclear as to Plaintiff's mental impairments such that the ALJ should have recontacted him.  (ECF No. 9, pp. 4-5 and No. 12, p. 2).  An ALJ is required to recontact a medical source for clarification "when they provide opinions on issues reserved to the

---

[1] "Every reasonable effort means that we will make an initial request for the evidence from your medical source and, at any time between 10 and 20 calendar days after the initial request, if the evidence has not been received, we will make one followup request to obtain the medical evidence necessary to make a determination."  20 C.F.R. §416.912(d)(1).  I note that the state agency attempted to obtain Dr. Conforti's medical records twice.  (ECF No. 7-7, pp. 37-38, and No. 7-8, pp. 7-8).  But, Dr. Conforti did not respond.

4

Commissioner and the bases for such opinions are not clear….". SSR 96-5p (policy interpretation); *see also,* 20 C.F.R. §§416.912(e) ("recontact is necessary when "the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled….").[2] In this case, the ALJ noted that Plaintiff's GAF score of 45 by Dr. Last was inconsistent with his clinical findings. (ECF No. 7-2, p. 33). This is an assessment the ALJ is required to make. 20 C.F.R. §416.972. It does not mean that the evidence was inadequate. Therefore, the ALJ was not required to recontact Dr. Last. Thus, after a review of the record, I find the ALJ did not fail to meet his duty to develop the record in this regard. Consequently, remand on this basis is not warranted.

### C. **Evaluation of medical evidence**

Since I am remanding for Plaintiff's counsel to submit Plaintiff's treating physician, Dr. Conforti's, medical records and for the ALJ to make a further review in light of the same, I decline to consider the issue of the whether the ALJ properly evaluated medical opinion evidence of Drs. Conforti, Vellegas and Pae, as such evaluation may change on remand.

With regard to Dr. Ali, the non-examining state agency consultant, Plaintiff argues, *inter alia,* that the ALJ erred in failing to address the basis for crediting and discrediting his opinions. (ECF No. 9, pp. 8-9, No. 12, pp. 4-5). After a review of the record, I agree. The ALJ does not go into any meaningful discussion as to the weighing of Dr. Ali's opinions. Clearly, based on the fleeting references to Dr. Ali's opinion, the ALJ accepted portions of Dr. Ali's opinions while rejecting others but without explanation. (ECF No. 7-2, pp. 24, 33). "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v.*

---

[2] The SSA eliminated this provision effective March 26, 2012, but still applies in this case. The new protocol for recontacting medical sources is set forth in 20 C.F.R. §404.920b.

5

*Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006). The ALJ's failure to discuss the reasons for accepting portions of Dr. Ali's opinion and rejecting others prohibits me from conducting a proper and meaningful review. Therefore, I find the remand is warranted for further consideration on this issue as well.

### D. <u>Evaluation of Plaintiff and other lay witness testimony</u>

Since I am remanding for Plaintiff's counsel to submit Plaintiff's treating physician, Dr. Conforti's, medical records and for the ALJ to make a further review in light of the same, I decline to consider the issue of the whether the ALJ properly evaluated Plaintiff's credibility and the credibility of the other lay witness as such may change on remand.

### E. <u>Plaintiff's visual impairment</u>

Finally, Plaintiff essentially argues that the ALJ erred in finding that Plaintiff's visual issue is not a "severe" impairment. (ECF No. 9, pp. 14-16). Specifically, Plaintiff suggests that the ALJ "all too casually conclude[d]" that Plaintiff's visual complaints were not severe. (ECF No. 12, p. 8). After a review of the record, I disagree.

With regard to Plaintiff's visual issue, the ALJ found as follows:

> The medical evidence also shows that the claimant has a history of CMA and 23/30 vision (Exhibit 6F). The claimant has complained of having problems seeing (Exhibit 3E; Testimony). However, in November 2009 an eye examination performed by Dr. Joel D. Messner revealed 20/20 vision in both eyes with corrective prescribed lenses, a normal size and appearance of the optic disc in both eyes, and normal findings on slit lamp and retinal examinations of both eyes (<u>Id.</u>). Moreover, the claimant continues to be able to drive notwithstanding his eye conditions (Exhibit 10F).
>
> Consequently, it is concluded that the claimant's history of CMA and 20/30 vision does not have more than a <u>de minimis</u> effect on the claimant's ability to perform substantial gainful activity on a sustained basis and is therefore "non-severe."

(ECF No. 7-2, p. 23). Plaintiff suggests that the ALJ did not determine what "CMA" means and he had a duty to develop the record to determine this. (ECF No. 12, p. 8). I disagree.

6

The ALJ's duty is to develop the record sufficiently to make a determination of disability. *Ventura v. Shalala,* 55 F.3d 900 (3d Cir. 1995). Regardless of any diagnosis,[3] the issue is whether the impairment "significantly limits" an individual's ability to perform basic work activities. 20 C.F.R. §416.920(c). Here, the exact definition of "CMA" is irrelevant. Rather, it is the impact of the CMA on Plaintiff's ability to work that is at issue. *Id.* Based on the evidence, there is sufficient evidence of record to support the ALJ's conclusion that its impact (along with Plaintiff's 20/30 vision) on Plaintiff's ability to perform substantial gainful activity on a sustained basis was not more than *de minimis.* (ECF No. 7-7, pp. 35, 53). Consequently, I find no merit to this argument.

An appropriate order shall follow.

---

[3] I note that the mere existence of a diagnosis does not mean there is a limitation.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT WELSH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 13-736 |
| ) | |
| CAROLYN W. COLVIN, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 28th day of May, 2014, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 8) is granted in part and denied in part and Defendant's Motion for Summary Judgment (Docket No. 10) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further proceedings consistent with the foregoing opinion.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge